UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| JOHN COOK, | § | |
|---|---|---|
| Plaintiff, | § § § | |
| v. | § § | CIVIL CASE NO. 1:23-cv-160 |
| THE HERSHEY COMPANY, | § § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, John Cook ("Cook" or "Plaintiff"), and brings this his Original Complaint against Defendant, The Hershey Company ("Hershey" or "Defendant"), and respectfully represents the following:

### I.
### PARTIES

1. Plaintiff John Cook is an individual residing in Travis County, Texas.

2. The Hershey Company is a foreign corporation whose corporate office is located at 19 E. Chocolate Ave., Hershey, PA 17033, and who may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-4234 or wherever it may be found.

### II.
### JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States.

4. The Court has personal jurisdiction over Defendant because of its continuous and systematic contacts with Texas as a result of maintaining and office and employees in Texas and because Plaintiff's claim arises out of Defendant's actions directed toward Texas.

### III.

**VENUE**

5. Venue is proper in the Western District of Texas, Austin Division, because all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district.

**IV.
FACTUAL ALLEGATIONS**

6. Cook was an employee of Hershey from January 7, 2019, until January 31, 2022.

7. Cook requested a religious accommodation to be exempt from Hershey's COVID-19 vaccine mandate on or about September 30, 2021, on the grounds that he is a Christian and could not in good conscience before God receive the experimental COVID-19 vaccines because of contaminating substances contained in the vaccines that would violate Cook's sincerely religious held belief that he must treat his body as the temple of the Holy Spirit.

8. Hershey denied his request for religious accommodation on November 1, 2021. Cook had a meeting regarding the denied exemption with HR and his manager on November 4, 2021. They informed Cook that he would be subject to unspecified discipline for refusing the vaccine and requesting a religious exemption.

9. On December 13, 2021, Hershey issued him a disciplinary warning informing him that if he did not get vaccinated by January 15, 2022, his job would be offered to a replacement candidate.

10. Hershey's stated reason for denying Cook's request for religious accommodation was that his unvaccinated status is risking the health and safety of fellow employees, and/or customers and/or other business partners.

11. However, at the time of Cook's termination, there was substantial information available to Hershey to show that the COVID-19 vaccines did not prevent transmission of the Delta or Omicron variants that accounted for over 99% of COVID cases in the United States. Because the vaccines did not prevent transmission, there was no legitimate, non-discriminatory reason for Hershey to deny Cook's request and force him to choose between his job and receiving an experimental vaccine that violated his religious beliefs.

12. Hershey also demonstrated there was no legitimate purpose for its vaccine mandate where Hershey exempted all of its factory and sales workers from being vaccinated, while only requiring its office workers to be vaccinated. To date, Hershey has still failed to provide any reason for its apparently arbitrary and nonsensical policy.

13. Even if the vaccines did prevent transmission, Hershey's policy appears to be backward since office workers had the ability to avoid human contact by working remotely while factory and sales workers did not have this ability. Thus, there does not appear to be any legitimate, non-discriminatory reason Hershey could not have exempted Cook from its vaccine mandate since it exempted large swaths of its labor force that actually had a need to work in physical proximity to others.

14. The circumstances surrounding the 2021 corporate Christmas party, held in Austin Texas provide additional evidence that Hershey's reason for terminating Cook based on workplace safety concerns was pretext for religious discrimination.

15. The Christmas party was a large event with hired entertainment. Employees were flown in from around the country to attend. A corporate level officer sent an email stating that Cook and his team had to be vaccinated or they would not be allowed to attend the party.

16. Cook followed up to clarify if this was going to be enforced, because other employees were not required to vaccinated. This officer told Cook he could not appear at the

party, even if he agreed to stand outside of the event to see his coworkers. Cook later found out that Hershey allowed each employee to bring a guest to the event, and did not question the vaccination status of those guests.

17. As a suggested accommodation, Cook even applied for one of Hershey's open sales merchandising positions that did not require a vaccination. Cook was overqualified for the position but, nonetheless, desired to continue working for Hershey. Notwithstanding, Hershey refused to provide this accommodation to Cook. Hershey also failed to consider any other reasonable accommodation, including regular COVID testing.

18. Hershey terminated Cook on January 31, 2022 because of his sincerely held religious belief that prevented him from being vaccinated.

## V.
## CAUSE OF ACTION: TITLE VII and TCHRA
## RELIGIOUS DISCRIMINATION – FAILURE TO ACCOMMODATE.

19. Plaintiff incorporates all factual allegations contained in the foregoing paragraphs as though fully set forth herein.

20. Plaintiff is an employee within the meaning of 42 U.S.C. 2000e, et. seq. ("Title VII") and the Texas Commission on Human Rights Act, Tex. Lab. Code §§ 21.001, et seq. (the "TCHRA").[1]

21. Defendant is a covered employer under Title VII and the TCHRA.

22. Plaintiff had a sincerely held religious belief as a Christian that conflicted with Defendant's COVID-19 vaccine mandate policy.

23. Plaintiff informed Defendant of his belief that conflicted with Defendant's policy.

---

[1] "[T]he law governing claims under the TCHRA and Title VII is identical." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n. 2 (5th Cir. 1999).

4

24. Defendant failed to provide a reasonable accommodation for Plaintiff's sincerely held religious belief.

25. Defendant failed to act in good faith in the interactive process by failing to consider reasonable accommodations it could have provided to Plaintiff.

26. Defendant terminated Plaintiff because of his religious belief that conflicted with its COVID-19 vaccine mandate policy.

27. Defendant engaged in the conduct described above intentionally, knowingly, and/or with malice or with reckless indifference to Plaintiff's Title VII and TCHRA rights.

28. As a result of Defendant's failure to accommodate Plaintiff's sincerely held religious belief, Plaintiff has suffered back pay damages to date of approximately $126,000 and continues to accrue back pay damages in the amount of $3,667 per month, which is the difference between his compensation at his current job and his position with Defendant.

29. Given the difficulty Plaintiff has had and will likely continue to have in finding a suitable replacement job, Plaintiff seeks two years of front pay.

30. Plaintiff also suffered substantial mental anguish damages.

## VI.
## PUNITIVE DAMAGES

31. Defendant engaged in the conduct described above intentionally, knowingly, and/or with malice or with reckless indifference to Plaintiff's Title VII rights. Accordingly, Plaintiff seeks punitive damages in an amount sufficient to deter Defendant from similar conduct in the future.

## VII.
## ATTORNEYS' FEES AND COSTS

32. Plaintiff requests an award of attorneys' fees and costs, including expert fees, under 42 U.S.C. § 2000e-5(k) and the TCHRA.

# VIII.
# CONDITIONS PRECEDENT

33. All conditions precedent to Cook's claim for relief have been performed or have occurred. Cook exhausted his administrative remedies with the Texas Workforce Commission and Equal Opportunity Employment Commission and has received his notice of right to sue, which is attached hereto as Exhibit A.

# IX.
# JURY DEMAND

34. Plaintiff demands a jury trial.

# X.
# PRAYER FOR RELIEF

35. WHEREFORE, Plaintiff, John Cook, prays for an award against Defendant, The Hershey Company, for the following:

   a. Back pay in the amount of $126,000 plus $3,667 for each month Plaintiff is unable to find a suitable replacement job;

   b. Front pay, mental anguish damages, and punitive damages in the statutory maximum amount of $250,000;

   c. Reasonable and necessary attorneys' fees, costs, and expenses, including expert fees;

   d. All other and further relief to which Cook may be justly entitled at law or in equity.

Respectfully submitted,

/s/ *Paul M. Davis*
Paul M. Davis
Texas Bar No. 24078401
Paul M. Davis & Associates, P.C.
9355 John W. Elliott Dr.
Suite 25454
Frisco, TX 75033
945-348-7884
paul@fireduptxlawyer.com

ATTORNEY FOR PLAINTIFF
JOHN COOK